UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RAFAEL DE JESUS RIBEIRO,<br><br>Petitioner,<br><br>v.<br><br>PATRICIA HYDE et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)  Civil No. 25-13674-LTS<br>)<br>)<br>)<br>)<br>) |

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

December 23, 2025

SOROKIN, J.

Rafael De Jesus Ribeiro, a citizen of Brazil presently in immigration detention, seeks a writ of habeas corpus under 28 U.S.C. § 2241. As explained below, his petition is DENIED.

This action began with the filing by Ribeiro of a habeas petition that, on its face, appeared to raise a claim echoing one this Court has considered numerous times recently. Ribeiro alleged he entered this country in September 2019, crossing the southern border without inspection and without encountering border patrol ("CBP"). Doc. No. 1 ¶ 2. He has lived here since that time and alleged he is "eligible for Asylum and or Withholding of Removal." Id. ¶ 1. Ribeiro claimed a violation of his due process rights arising from his detention without access to a bond hearing. Id. ¶ 18. If the facts were limited to those he alleged, Ribeiro might have secured the relief he sought. However, the respondents have since fleshed out Ribeiro's immigration history in important ways.

As it turns out, Ribeiro's September 2019 border-crossing was not his first. Three months earlier, Ribeiro had entered the country without inspection "with the intention to reside

and seek employment in Boston, Massachusetts." Doc. No. 12-1 at 2.  But Ribeiro did not avoid detection in June 2019.  CBP officers stopped him and effected his expedited removal from the United States pursuant to a final order issued under 8 U.S.C. § 1225.  Doc. No. 12-1 at 2.  As Ribeiro's petition establishes, he came back to the United States soon thereafter.  By January 13, 2025, the Department of Homeland Security ("DHS") had alerted to Ribeiro's unauthorized return and issued to him a notice of its decision to reinstate his prior order of removal.  Id. at 1.  He was not then detained, though, as he claimed a fear of returning to Brazil.  See Doc. No. 12-2 at 1.  A DHS officer initially rejected his claim, but an immigration judge ("IJ") reviewed and vacated the DHS officer's determination in May.  Id.  That decision triggered "withholding-only" proceedings in immigration court—i.e., a further hearing regarding Ribeiro's reasons for fearing a return to Brazil, after which an IJ would decide whether to grant him some measure of relief from his final removal order, which remained in effect.  See id.

Later in May 2025, ICE arrested and detained Ribeiro.  Doc. No. 1 ¶ 2.  His withholding-only proceedings continued and, on September 30, 2025, an IJ found that Ribeiro had "failed to establish *prima facie* eligibility for relief."  Doc. No. 12-3 at 1.  Ribeiro reserved his right to seek review of that determination, and his appeal is pending before the Board of Immigration Appeals ("BIA").  See id. at 2.  Meanwhile, he remains in detention.

Because the respondents' submission meaningfully developed the record in a way that impacts the legal analysis governing Ribeiro's claims, the Court provided Ribeiro an opportunity to reply.  Doc. No. 13.  Ribeiro, who is represented by counsel, neither filed a reply nor sought an extension of the deadline the Court set for such a filing.  As the petitioner and the party with the burden of establishing entitlement to relief, Ribeiro's failure to counter the respondents' legal argument and the documents supporting it makes the denial of his petition a foregone conclusion.

The existence of a reinstated final order of removal means that Ribeiro's detention is governed by 8 U.S.C. § 1231(a)(6).[1]  Though more than six months have passed since his detention began, the record contains no evidence to suggest that Ribeiro's removal is not likely to occur in the foreseeable future.  See Zadvydas v. Davis, 533 U.S. 678, 700–01 (2001).  The respondents' submissions reveal that proceedings through which Ribeiro sought relief from his final removal order were pending before an IJ until the end of September, and Ribeiro's appeal of the outcome of those proceedings remains unresolved.  Nothing before the Court suggests the respondents cannot and will not expeditiously remove Ribeiro to Brazil upon the conclusion of his pending appeal, if the BIA affirms the IJ's decision.  Indeed, Ribeiro has not addressed this question at all, let alone "provide[d] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  Id. at 701.  Absent such a showing—especially where the respondents have advanced evidence and argument to support a finding of reasonableness—Ribeiro's challenges to his detention fail.[2]

Accordingly, Ribeiro's petition (Doc. No. 1) is DENIED.

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge

---

[1] This Court lacks jurisdiction to review decisions to reinstate or execute final orders of removal, and its habeas jurisdiction where expedited removal orders are concerned is strictly confined.  8 U.S.C. § 1252(e), (g).

[2] Should circumstances change (e.g., if the BIA vacates the IJ's decision and grants withholding of removal, or if the appeal languishes without resolution), nothing in this decision prevents Ribeiro from filing a new habeas petition challenging the reasonableness of his continued detention without access to a bond hearing.